IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05331-PAB

SHEARON CAMPBELL,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
NATHAN RASPER, Acting Field Office Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Shearon Campbell's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 7.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Trinity and Tobago. Docket No. 1 at 3. Petitioner entered the United States in 1990 on a tourist visa when he was four years

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Respondents indicate that they are "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 7 at 1-2. Accordingly, the Court draws all facts from Mr. Campbell's petition.

old. *Id*. He is currently 40 years old and owns a moving business in West Palm Beach, Florida. *Id.* Immigration and Customs Enforcement ("ICE") officers took petitioner into immigration custody on September 4, 2026, two days after he was placed on an immigration hold, following his release from a county jail in St. Petersburg, Florida, "under probation." *Id.* According to petitioner, he has "never been served with any Notice to Appear, or a Form I-200 Warrant for Arrest of Alien, or any other document to justify his arrest and detention." *Id.* at 8. He further states that he was not afforded a "prompt judicial probable cause determination" following the warrantless arrest, and there was no basis to believe that he was "likely to escape before a warrant was obtained." *Id.* at 11. ICE transferred petitioner to the Aurora Detention Center to face removal proceedings. *Id*. at 3. Petitioner has not received a bond hearing and is not subject to a final order of removal. *Id.* Petitioner states he "has no criminal history that subjects him to mandatory detention." *Id*.

On October 19, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts six claims: (1) his warrantless arrest and continued detention violate the Fourth Amendment and 8 U.S.C. § 1357(a)(2); (2) his detention violates 8 U.S.C. § 1226(a) because he was present in the United States for over 36 years prior to his arrest by ICE; (3) his detention violates INA [Immigration and Nationality Act] bond regulations; (4) his detention violates the Administrative Procedure Act; and, (5), (6) his detention violates the procedural and substantive due process clauses of the Fifth Amendment. *Id.* at 7-17. For relief, he requests immediate release or, alternatively, a bond hearing at which the respondents bear the burden to demonstrate by clear and convincing evidence that his continuing detention is necessary. *Id.* at 18. He further

requests an injunction preventing respondents from transferring him outside the District of Colorado during the pendency of this action. *Id.*

On November 2, 2026, respondents filed a response. Docket No. 7. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id*. at 1-2. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id*. at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th

1226 (10th Cir. 2026)).

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; Docket No. 1 at 3 (referencing petitioner's open immigration case); *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders). Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner states that he was not provided a warrant at his arrest, and respondents do not state otherwise. *See* Docket No. 1 at 3; Docket No. 7.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to 8 U.S.C. § 1357(a)(2), immigration officials have authority without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 7. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondent lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record

contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that petitioner's warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest" (alteration, internal quotation marks, and citation omitted)).

Where the government failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the noncitizen's release. *See, e.g., Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's release based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge